IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 23-cr-00088-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. MATTHEW JEREMIAH WEAVER

 Defendant.

_____

**ORDER**
_____

  This matter is before the Court on the Motion for Reduction of Term of Imprisonment [Docket No. 51] filed by defendant Matthew Jeremiah Weaver[1] pursuant to Amendment 821 to the U.S. Sentencing Guidelines. The United States filed a response. Docket No. 54.

  On August 17, 2023, Mr. Weaver pled guilty to one count of possession of a firearm and ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Docket No. 26 at 1; *see also* Docket No. 27 at 1. The Court found that the total offense level was 17 and his Criminal History Category was VI, which resulted in a guideline imprisonment range of 51 to 63 months. Docket No. 50 at 1. On November 17, 2023, the Court sentenced Mr. Weaver to 55 months imprisonment, concurrent to Mr. Weaver's state sentence. Docket No. 48 at 2; *see also* Docket No. 49 at 2. Mr.

---

[1] Because Mr. Weaver is proceeding pro se, the Court construes his filing liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Weaver is currently incarcerated at FCI El Reno, a medium security federal prison in Oklahoma. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/. Mr. Weaver's projected release date is October 13, 2027. *Id*.

On December 23, 2024, Mr. Weaver filed a pro se motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines. Docket No. 51. On January 21, 2025, the government filed a response, arguing that Mr. Weaver's sentence was calculated under the 2023 United States Sentencing Guidelines Manual, which took Amendment 821 into account. Docket No. 54 at 3-4. Therefore, the government argues that he is not eligible for a sentence reduction pursuant to Amendment 821. *Id.*

Generally, a federal court may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2). A court may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies

relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses." *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023). Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *Id.* In addition, a person with six or fewer criminal history points now receives no status points. *Id.* Amendment 821 applies retroactively. *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Mr. Weaver argues that Part A of Amendment 821 altered his sentencing guideline range by reducing his status points. Docket No. 51 at 1-3. However, Amendment 821 was applicable at the time that Mr. Weaver was sentenced. *See*

3

Docket No. 41 at 5, ¶ 19.  Therefore, Mr. Weaver received a one-level enhancement, rather than a two-level enhancement, for committing the offense while under a criminal justice sentence.  *See id*. at 15, ¶ 58.  As the Court found at sentencing, Mr. Weaver has 34 total criminal history points, placing him in Criminal History Category VI.  *See* Docket No. 48 at 1; Docket No. 50 at 1; Sentencing Table, U.S.S.G. ch. 5, pt. A (2023). Because the total offense level is 17, the guideline range for Mr. Weaver is 51 to 63 months imprisonment.  *See* Sentencing Table, U.S.S.G. ch. 5, pt. A (2023)*.*  Mr. Weaver's imprisonment for a term of 55 months is within the guideline range. Accordingly, the Court finds that Mr. Weaver's sentence already applies Amendment 821, and Mr. Weaver is not eligible for a reduction in his sentence.

For the foregoing reasons, it is

**ORDERED** that the Motion for Reduction of Term of Imprisonment [Docket No. 51] is **DENIED**.

DATED April 15, 2025.

                                                    BY THE COURT:

                                                    _____
                                                    PHILIP A. BRIMMER
                                                    Chief United States District Judge